Olaf Arthur Landsgaard, Esq.
Law Office of Olaf Landsgaard
P.O. Box 2567, 4171 Knox Avenue
Rosamond, CA 93560
661-256-9271
661-256-9212 Fax
State Bar No.: 125747

Attorney for Plaintiff, Rosenda Flores, Juan Flores,
Jesus Flores, Rosanna Flores, and Ciriaco Flores
and the entire CLASS

***********

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROSENDA FLORES, JUAN FLORES, JESUS FLORES, ROSANNA FLORES, AND CIRIACO FLORES; <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF CALIFORNIA CITY; FRANK GARCIA HUIZAR; Steven Whiting; and DOES 1-100, Inclusive. <br><br> Defendants | **Case No.: 1:16-cv-** <br><br> CLASS ACTION COMPLAINT <br><br> ROSENDA FLORES, JUAN FLORES, JESUS FLORES, ROSANNA FLORES, AND CIRIACO FLORES'S <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> 1. . TITLE 42 U.S.C. § 1983 SEEKING I **PROHIBITIVE INJUNCTIVE RELIEF OF A PRELIMINARY INJUNCTION FOR UNDERLYING VIOLATIONS OF U.S.CONST.AMEND. IV AND XIV UNREASONABLE SEARCHES AND SEIZURES** <br> 2. VIOLATION OF TITLE 42 U.S.C. § 1983 SEEKING DAMAGES FOR UNDERLYING **VIOLATIONS OF U.S. CONST.AMEND.IV: WARRANTLESS ENTRY AND UNREASONABLE SEARCHES AND SEIZURES** <br> 3. VIOLATION OF AMENDMENT XIV: EQUAL PROTECTION AND DUE PROCESS <br> 4. VIOLATION OF TITLE 42 U.S.C. § 1983 [FIFTH AMENDMENT] <br> 5. Malicious Prosecution and other Pendant Jurisdiction State claims (6 and 7th) <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

1.    Comes now **Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores** ("Plaintiff" or "**Flores**")  lead plaintiff to the class action, and others similarly situated ("Plaintiffs"), who file this class action complaint seeking damages and injunctive relief pursuant to Title 42 U.S.C. § 1983 for underlying violations of U.S.Const.Amend IV, V, and XIV against **THE CITY OF CALIFORNIA CITY ("CALIFORNIA CITY");  FRANK GARCIA HUIZAR ("HUIZAR")**; Steven Whiting; and DOES 1-100,  Inclusive.

2.    Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores live at is 21361 Reed Place, California City, CA 93505 in the County of Kern.

## I.
## JURISDICTION, VENUE AND CAPACITY TO SUE

3.    Plaintiffs file this class action complaint in federal court on the federal issue of violation of Title 42 U.S.C. § 1983, underlying violations of U.S.Const.Amend IV, V, and XIV, for injunctive relief pursuant to Fed.R.Civ.P. 65, and pursuant to Fed.R.Civ.P. 23; this court thus has jurisdiction to hear this subject matter.

**Supervised by Huisar, who was convicted of reckless discharge of a gun**

4.    Late one summer night, at about 10:10 p.m. on Tuesday, July 18, 2017, Officer Steven Whiting of the California City Police Department (#53304) and at least two other patrol units surrounded 21361 Reed Place in California City, California and ordered Ciriaco Sanchez Flores to come outside.  Ciriaco Sanchez Flores came outside, was hand-cuffed and questioned while the government went through his home without a search warrant.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

5.     On July 18, 2017, working together, THE CITY OF CALIFORNIA CITY; its employees and agents, including defendants FRANK GARCIA HUIZAR; Steven Whiting unlawfully detained Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores, and arrested Ciriaco Flores.

6.     On information and belief, the government's trespass onto and into Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores's property in July 2017 – and later actions – were done not to preserve evidence of any wrongdoing, but to assert ownership and control over Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores's home and other property.

7.     Plaintiffs class members are all residents of California City, Kern County, California and those who work on or about CALIFORNIA CITY, or would like to work there, and have been made subject to arbitrary and capricious whims of the convicted gun handler, Frank Garcia Huisar.  This court has both personal jurisdiction and proper venue.

8.     The true names and capacities of those Defendants sued herein as Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained.

9.     The class members, numbering close to one hundred people, are too numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class. Further, prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or (3) the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

10.         Plaintiff is informed and believes, and thereon alleges, that at all times material hereto, that the DOE Defendants, were the agents, representatives, servants and employees of the other Defendants, and that all of the acts herein alleged were done in the course and scope of such agency and employment.

11.         All individual Doe Defendants are sued in their individual and supervisory capacities only. Plaintiff sues the entity Defendants under *Monell v. Department of Social Services*, 436 U. S. 658 (1978) for carrying out a policy or custom, including inadequate training.

## II.
## GENERAL FACTS COMMON TO ALL CAUSES OF ACTION

Plaintiff ROSENDA FLORES, JUAN FLORES, JESUS FLORES, ROSANNA FLORES, AND CIRIACO FLORES[PLAINTIFF] complains and alleges on information and belief the following against THE CITY OF CALIFORNIA CITY

("CALIFORNIA CITY");  FRANK GARCIA HUIZAR ("HUIZAR"); Steven Whiting; and DOES 1-100,

**12.         Here the Government seized – or otherwise took the action it did regarding Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores's property not to preserve evidence of wrongdoing, but to assert ownership and control over the property itself.**

Specific Facts

13.     The deficient arrest reports were reviewed and approved by Frank Garcia Huizar, one of the chief law enforcements of CALIFORNIA CITY.

14.     The charges Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores were detained under and then Ciriaco arrested for were dismissed by the district attorney.

15.         The 5th Amendment to the United States Constitution states:

"No person shall … be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation".

16.  42 USCS 1983 provides:

"Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory, subjects, or **causes to be subjected, any citizen of the United States** or other person within the jurisdiction thereof **to the deprivation of any rights, privileges, or immunities secured by the Constitution** and laws, **shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."**

17.     28 USC § 1343 provides: Civil rights and elective franchise

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, **by any act done in furtherance of any conspiracy** mentioned in section <u>1985</u> of Title <u>42</u>;

(2) **To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section <u>1985</u> of Title <u>42</u> which he had knowledge were about to occur and power to prevent**;

(3) **To redress the deprivation, under color of any State law, statute, ordinance**, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing **for equal rights of citizens or of all persons within the jurisdiction of the United States**;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

18.

    **"The moment the idea is admitted into society that property is not as sacred as the laws of God, and that there is not a force of law and public justice to protect it, anarchy and tyranny commence.**" John Adams

    19. Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores is informed and believes that The CALIFORNIA CITY and its agents, Frank Garcia Huizar, Steven Whiting, CALIFORNIA CITY, and others, caused other California City police officers to trespass into their home, in violation of the California Constitution and the United States Constitution.

    20. The action of each individual and the CALIFORNIA CITY deprived Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores of procedural and substantive Due Process rights conferred upon them by the Due Process Clause of the Fourteenth Amendment to the United

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

States Constitution and the Just Compensation Clause of the Fifth Amendment.

21. In addition, said acts violated plaintiff's rights under California Civil Code section 52.1.

22.   The actions of CALIFORNIA CITY and its agents, Frank Garcia Huizar, Steven Whiting, CALIFORNIA CITY, and others in this regard were arbitrary and capricious and therefore violated the substantive Due Process rights of Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores.

23. CALIFORNIA CITY and its agents, Frank Garcia Huizar, Steven Whiting, CALIFORNIA CITY, and others,  and Does 1-25 denied rights provided by Civil Code sections 51.7 and/or aided, abetted, or conspired in that denial.

24. The aforementioned acts of the CALIFORNIA CITY and its agents, Frank Garcia Huizar, Steven Whiting, CALIFORNIA CITY, and others,  were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages.

## NATURE OF ACTION

**25.**           PLAINTIFF seeks in this action to vindicate the rights of people who have been  discriminated against because they exercise their right to speak out against a police department ran by a dishonest cop,  Frank Garcia Huizar, who has been convicted of reckless discharge of a gun for firing his service revolver out of a car at a building, while drunk and off duty.  Frank Garcia Huizar was fired from the Huntington Park Police Department as a result.

**26.**           The reports approved by Huisar in this case were deceptive (claimed there were only two more occupants in the Flores home, when there

were four, and failed to mention that statements were taken from two other occupants, Rosenda Flores and Jesus Flores while both were handcuffed).

27.     PLAINTIFF, on behalf of himself and all others similarly situated, seek to enjoin DEFENDANTS' illegal practices and to recover damages incurred as a result of DEFENDANTS' actions.

## JURISDICTION AND VENUE

28.     PLAINTIFF The Court has personal jurisdiction over DEFENDANTS because they are residents of the state of California.

29.     Venue is proper in this Court in accordance with California Code of Civil Procedure § 395(a) and California Civil Code § 52.1(c) because DEFENDANTS, or some of them, reside in Kern County and the harms suffered by PLAINTIFF occurred in Kern County.

## PARTIES

30.     PLAINTIFF DEFENDANT DOE #1 was the acting manager of the CALIFORNIA CITY in or around July 2017. PLAINTIFF is informed and believes and thereon alleges that DEFENDANT DOE #1 was an authorized policy-maker for the CALIFORNIA CITY during the time periods she served as acting manager. DEFENDANT DOE #1's residence is currently unknown to PLAINTIFF.

31.     DEFENDANT DOE #2 was the City Manager of the CALIFORNIA CITY beginning in or around July – September 2017. PLAINTIFF is informed and believes and thereon alleges that DEFENDANT DOE #2 was an authorized policy-maker for the CALIFORNIA CITY during the time period he served as director. DEFEDANT DOE #2 residence is currently unknown to PLAINTIFF.

32.     At all times mentioned herein, DEFENDANTS, and each of them, were the agents, representatives, employees, successors, assigns, parents, subsidiaries and/or affiliates, each of the other, and at all times pertinent hereto

were acting within the course and scope of their authority as such agents, representatives, employees, successors, assigns, parents, subsidiaries and/or affiliates.

33.    ROSENDA FLORES, JUAN FLORES, JESUS FLORES, ROSANNA FLORES, AND CIRIACO FLORES are individuals residing in California City, California.

34.    Defendant Doe #1 is and was the acting City Manager or Assistant City Manager of defendant CALIFORNIA CITY at all relevant times herein.

35.    Defendants Does 2-10 where and are managers, clerks, and other workers with defendant CALIFORNIA CITY.

36.    Defendants Does 11-20 where and are police officers and their immediate supervisors with defendant California City Police Department.

## FACTS COMMON TO ALL CAUSES OF ACTION

37.    Defendant CALIFORNIA CITY, is a public entity formed under the Government Code of California.

38.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities where ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleges, and that Plaintiff injuries as herein alleged were proximately caused by their conduct.

39.    Defendants Does 21-50 at all times herein mentioned were the agents and employees of their codefendants CALIFORNIA CITY and COUNTY OF KERN, and in doing these things hereinafter alleged were acting within the course and scope of the agency and with the permission and consent of their codefendants.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**40.**          The law in California is:

"Local governmental entities '"can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted...."' [Citations.]" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1147, 119 Cal. Rptr.2d 709, 45 P.3d 1171.)

41.          The 4th Amendment to the United States Constitution states:

"The right of the people to be secure in their **persons, houses,**

papers, and effects, against unreasonable searches and

seizures, shall not be violated, and no warrants shall issue but

upon probable cause, supported by oath or affirmation, and

particularly describing the place to be searched, and the

persons or things to be seized."

42.          The action of each individual defendant and CALIFORNIA CITY, deprived Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores of procedural and substantive Due Process rights conferred upon them by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Just Compensation Clause of the Fifth Amendment.  In addition, said acts violated plaintiff's rights under California Civil Code section 52.1.  The actions of CALIFORNIA CITY,  Frank Garcia Huizar and its agents in this regard were arbitrary and capricious and therefore violated the substantive Due Process rights of Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores

43.          Defendant CALIFORNIA CITY and its agents, Huizar et. al., knowing of Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores's need to be secured in the persons, papers, and affects denied them the quiet enjoyment of their home.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

44.     Defendant CALIFORNIA CITY and its agents, Defendant Huizar, and Does 1-25 denied rights provided by Civil Code sections 51.7 and/or aided, abetted, or conspired in that denial.

45.     The aforementioned acts of the Defendant CALIFORNIA CITY/ and its agents, Defendant Huizar and others, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to these defendants.

**46.**     Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores have incurred attorney's fees.

### III.

### CAUSES OF ACITON

### FIRST CAUSE OF ACTION

### AGAINST ALL DEFENDANTS

### VIOLATION OF CIVIL RIGHTS

47.     The Plaintiff reincorporates the previous 47 paragraphs as if fully alleged herein.

48.     The actions of CALIFORNIA CITY , HUIZAR, DOES 11 and 12 INDIVIDUALLY;  and DOES 1 through 50, each individually deprived PLAINTIFFS of the right to be secure in their persons, property, and home.

49.     The actions of CALIFORNIA CITY , KERN COUNTY, DOES 11 and 12 INDIVIDUALLY;  and DOES 1 through 50, each individually deprived PLAINTIFFS of their liberty.

50.     The actions of CALIFORNIA CITY , KERN COUNTY, DOES 11 and 12 INDIVIDUALLY;  and DOES 1 through 50, each individually deprived PLAINTIFF of the quiet enjoyment of their home.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

51.     This arrest and the continued prosecution of Ciriaco Flores , was initiated by or at the direction of Frank Garcia Huizar, Steven Whiting, CALIFORNIA CITY, and others by and through September 10, 2017.

52.     The arrest and prosecution of Flores  terminated in favor of Flores.

53.     The arrest and prosecution of Flores  was brought without probable cause.

54.     The arrest and prosecution of Flores  was based on false or omitted evidence.

55.     The arrest and pursuit of Flores was initiated with malice.

56.     Frank Garcia Huizar had been convicted of reckless discharge of a gun for firing his service revolver out of a car at a building, while drunk and off duty.

57.     Late one summer night, at about 10:10 p.m. on Tuesday, July 18, 2017, Officer Steven Whiting of the California City Police Department (#53304) and at least two other patrol units surrounded 21361 Reed Place in California City, California and ordered Ciriaco Sanchez Flores to come outside. Ciriaco Sanchez Flores came outside, was hand-cuffed and questioned while the government went through his home without a search warrant. Ciriaco Sanchez Flores was **arrested for an alleged felony — reckless discharge of a gun and forced to post bond**. The matter — which included three reports all reviewed and approved by Frank Garcia Huizar, was later filed as a misdemeanor.

58.     Frank Garcia Huizar was fired from the Huntington Park Police Department because of his conviction for **reckless discharge of a gun.**

59.     The reports in the arrest of Ciriaco Flores and detention of the remaining members of the Flores family were deceptive (claimed there were only two more occupants in the Flores home, when there were four, and failed to mention that statements were taken from two other occupants, Rosenda Flores and Jesus Flores while both were handcuffed).

60.     In engaging in this course of conduct, Frank Garcia Huizar, Steven Whiting, CALIFORNIA CITY, and others acted with deliberate malice.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
- 12 -

61.     As a proximate result of the acts of Frank Garcia Huizar, Steven Whiting, CALIFORNIA CITY, and others, the Flores were injured in health, strength, and activity, sustaining injury to body and shock and injury to nervous system and person, among others, sustained physical injuries all of which injuries have caused Flores to suffer extreme and sever physical pain and mental anguish. These injuries will result in some permanent disability to Flores, all to their general damages.

62.     As a further proximate result of the acts of Frank Garcia Huizar, Steven Whiting, CALIFORNIA CITY, and others, Flores was required to and did employ attorneys and did incur costs and attorney's fees.

63.     The acts of Frank Garcia Huizar, Steven Whiting, CALIFORNIA CITY, and others were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

64.

65.     On October 18, 2017 Plaintiffs filed a government claim with CALIFORNIA CITY.

66.     In addition, said acts violated plaintiff's rights under California Civil Code section 52.1.  The actions of these DEFENDANTS and DOES 1-100 in this regard were arbitrary and capricious and therefore violated the substantive Due Process rights of PLAINTIFF.

67.             The actions of CALIFORNIA CITY and Frank Garcia Huizar appear to be in concert:  Hiding all information concerning the incident. In the case of the County, it has withheld information in violation of its duty to disclose – both in violation of the U.S. Constitution (Freedom of Information Act) and plaintiffs' right to public information under the sixth amendment to the U.S. Constitution.

68.     The deprivations of the procedural and substantive Due Process rights of PLAINTIFS were a proximate result of the policies, procedures, practices and/or customs maintained by DEFENDANTS.  DEFENDANTS have

maintained policies, procedures, practices, and/or customs of discriminating against persons men who assert their rights to quiet enjoyment of their homes – and the right to demand a search warrant before entry could be made into their homes.  Said policies, procedures, customs and practices evidence a deliberate indifference to the constitutional rights of PLAINTIFF.  This indifference is and was manifested by the failure to change, correct, revoke, or rescind these policies, procedures, practices and/or customs in light of prior knowledge by DEFENDANTS of indistinguishably similar incidents of unjustified arrests.

69.     PLAINTIFF will suffer immediate and irreparable injury for which there is no adequate remedy at law if the aforementioned policies, procedures, practices and/or customs of arresting young men who assert their right to privacy.

70.     DEFENDANTS each acted with deliberate indifference to the rights of PLAINTIFF and, as a direct and legal result of the acts and omissions of these defendants, and each of them, Plaintiff has suffered damages in an amount to be proven at trial.

71.     The aforementioned acts of the individual DEFENDANTS were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to these defendants.

## SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## VIOLATION OF EQUAL PROTECTION/DUE PROCESS

72.     The Plaintiff reincorporates the previous 72 paragraphs as if fully alleged herein.

73.     The actions of CALIFORNIA CITY, the County, Does 1-12, individually and in their capacity as employees for CALIFORNIA CITY and/or County and DOES 13 through 50, each individually deprived PLAINTIFF of procedural and substantive rights conferred upon him by the Constitution and Statutes of the State of California. The actions of these DEFENDANTS  and DOES 1-100 in this regard were arbitrary and capricious and therefore violated the substantive rights of PLAINTIFF.

74.     The deprivations of the procedural and substantive Due Process rights of Plaintiff was a proximate result of the policies, procedures, practices and/or customs maintained by DEFENDANTS.  In particular, DEFENDANTS have maintained policies, procedures, practices, and/or customs of discriminating against people who assert their right to privacy.  Said policies, procedures, customs and practices evidence a deliberate indifference to the constitutional rights of  PLAINTIFF.  This indifference is and was manifested by the failure to change, correct, revoke, or rescind these policies, procedures, practices and/or customs in light of prior knowledge by DEFENDANTS of indistinguishably similar incidents of unjustified arrests.

75.     PLAINTIFF will suffer immediate and irreparable injury for which there is no adequate remedy at law if the aforementioned policies, procedures, practices and/or customs of arresting young men without probable cause because they assert their right to privacy.

76.     DEFENDANTS each acted with deliberate indifference to the rights of PLAINTIFF and, as a direct and legal result of the acts and omissions of these defendants, and each of them, Plaintiff has suffered damages in an amount to be proven at trial.

77.     The aforementioned acts of the individual DEFENDANTS were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to these defendants.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

### THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### CONSPIRACY TO DEPRIVE OF CIVIL RIGHTS

78.     The Plaintiff reincorporates the previous 80 paragraphs as if fully alleged herein.

79.     The actions of CALIFORNIA CITY, the County, Does 1-12, individually and in their capacity as employees of CALIFORNIA CITY and/or County and DOES 13 through 50, each individually deprived PLAINTIFF of procedural and substantive rights conferred upon him by the Constitution and Statutes of the State of California. The actions of these DEFENDANTS  and DOES 1-100 in this regard were arbitrary and capricious and therefore violated the substantive rights of PLAINTIFF.

80.     The deprivations of the procedural and substantive Due Process rights of Plaintiff was a proximate result of the policies, procedures, practices and/or customs maintained by DEFENDANTS.  In particular, DEFENDANTS have maintained policies, procedures, practices, and/or customs of discriminating against people who assert their right to privacy.  Said policies, procedures, customs and practices evidence a deliberate indifference to the constitutional rights of PLAINTIFF.  This indifference is and was manifested by the failure to change, correct, revoke, or rescind these policies, procedures, practices and/or customs in light of prior knowledge by DEFENDANTS of indistinguishably similar incidents of unjustified arrests.

81.     PLAINTIFF will suffer immediate and irreparable injury for which there is no adequate remedy at law if the aforementioned policies, procedures, practices and/or customs of arresting young men without probable cause because they assert their right to privacy.

82.      DEFENDANTS each acted with deliberate indifference to the rights of PLAINTIFF and, as a direct and legal result of the acts and omissions of these defendants, and each of them, Plaintiff has suffered damages in an amount to be proven at trial.

83.      The aforementioned acts of the individual DEFENDANTS were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to these defendants.

## FOURTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## WRONGFUL ARREST

84.      Plaintiff incorporates paragraphs 1-84 by this reference.

85.      On October 17, 2017, Plaintiffs filed a government claim with CALIFORNIA CITY concerning all named defendants.

86.      On or about July 18, 2017, defendants and Does 1-50 forced Plaintiffs outside,  imprisoned Ciriaco Flores, seized him and forcibly, against Plaintiff's will, and without and over protest, had Plaintiff placed under arrest without probable cause. Plaintiff was  placed in the custody of the police based on false assertions made by defendants.

87.      In imprisoning plaintiff, defendant acted with deliberate malice.

88.      As a proximate result of the acts of defendant(s), and each of them, plaintiff was injured in health, strength, and activity, sustaining injury to his bodies and shock and injury to his nervous system and person, among others, sustained physical injuries all of which injuries have caused plaintiff to suffer extreme and sever physical pain and mental anguish. These injuries will result in some permanent disability to plaintiff, all to his general damages.

89.             As a further proximate result of the acts of defendant(s) [and each of them], as herein alleged, plaintiff was required to and did employ physicians and surgeons for medical examination, treatment, and care of these injuries, and did incur medical and incidental expense.

90.             At the time of the acts of defendant herein complained of, plaintiff was employable and as herein alleged, plaintiff has been, and will continue to be, prevented from attending to his/their occupation. The amount of earnings which will be lost to plaintiff is unknown at this time. Plaintiff will ask leave to amend this complaint to set out the exact amount of such additional damages when they are ascertained.

91.        The acts of defendant(s) were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.


## FIFTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## FALSE IMPRISONMENT

92.             The Plaintiff reincorporates the paragraphs 1-72 as if fully alleged herein.

93.             On or about July 18, 2017, at approximately 10:10 p.m., at CALIFORNIA CITY, defendants, as peace officers seized and arrested plaintiff and detained plaintiff and restrained him against his will and over protest, without any warrant of arrest or any process of any kind and without any justification or cause to believe that plaintiff had committed any crime.

94.             On or about July 18, 2017 defendant police officer Doe #11 personally swore to for filing in the Superior Court of the City of Mojave, COUNTY OF KERN, State of California, a criminal complaint, against plaintiff, charging plaintiff with a violation of the Penal Code.

95.          Defendants, in causing the arrest and imprisonment of plaintiff as herein alleged, acted with deliberate malice and oppression and without probable cause.

96.          As a proximate result of the acts of the defendants herein alleged, plaintiff was compelled to secure the services of an attorney at law, and by virtue thereof, plaintiff is now indebted and liable for attorney fees.

97.          As a proximate result of the acts of defendant(s), and each of them, plaintiff was injured in health, strength, and activity, sustaining injury to their bodies and shock and injury to their nervous system and person, among others, sustained physical injuries all of which injuries have caused plaintiff to suffer extreme and sever physical pain and mental anguish. These injuries will result in some permanent disability to plaintiff, all to his general damages.

98.          As a further proximate result of the acts of defendant(s) [and each of them], as herein alleged, plaintiffs were required to and did employ physicians and surgeons for medical examination, treatment, and care of these injuries, and did incur medical and incidental expense.

99.          The acts of defendant(s) were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

## SIXTH CAUSE OF ACTION
## AGAINST CALIFORNIA CITY.  Whiting, AND DOES 1-25

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**TRESPASS**

100.            The PLAINTIFFS reincorporate paragraphs 1 to 100 as if fully alleged herein.

101.            Defendants, and each of them, trespassed onto plaintiffs' property, arrested Ciriaco Flores , handcuffed Rosenda Flores and Jesus Flores, and forced Juan Flores and Rosanna Flores out of their bedrooms after 10:00 p.m.

102.            Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores suffered damages as a result of the trespass.

103.            As a further proximate result of the acts of DEFENDANT(s) [and each of them], as herein alleged, PLAINTIFF was required to and did employ physicians and surgeons for medical examination, treatment, and care of these injuries, and did incur medical and incidental expense.

104.            As a further proximate result of the acts of DEFENDANT(s) [and each of them], as herein alleged, PLAINTIFF was required to and did employ attorneys and did incur costs and attorney's fees.

105.            At the time of the acts of defendant herein complained of, PLAINTIFF was employable and as herein alleged, PLAINTIFF has been, and will continue to be, prevented from attending to his/their occupation. The amount of earnings which will be lost to PLAINTIFF is unknown at this time. PLAINTIFF will ask leave to amend this complaint to set out the exact amount of such additional damages when they are ascertained.

106.            The acts of defendant(s) were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

**SEVENTH CAUSE OF ACTION**
**TRESPASS-VIOLATION OF STATE CIVIL RIGHTS**

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**As against all DEFENDANTs**

Civil Code sections 51, 51.7 and 52

107.                The PLAINTIFFS reincorporate paragraphs 1-72 as if fully alleged herein.

108.                DEFENDANTs, and each of them, knew of Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores's nationality and citizen status.

109.                DEFENDANTs, knowing of Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores's rights, sought to discriminate against them, in violation of California Civil Code section 51.7.

110.                DEFENDANTs, knowing of Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores's rights, discriminated against them – and denied them of his rights including to due process and to be compensated for taking of his property – including work product.

111.                Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores are informed and believes that DEFENDANTs and Does 1-25 denied rights provided by Civil Code sections 51.7 and/or aided, incited, or conspired in that denial.

112.                Defendants and each of them also trespassed or caused agents to trespass onto plaintiffs' property.

113.                Rosenda Flores, Juan Flores, Jesus Flores, Rosanna Flores, and Ciriaco Flores suffered damages as a result.

114.                DEFENDANTs, in causing the arrest and imprisonment of PLAINTIFF CIRIACO FLORES as herein alleged, acted with deliberate malice and oppression and without probable cause.

115.                As a proximate result of the acts of the DEFENDANTs herein alleged, PLAINTIFF was compelled to secure the services of an attorney at law, and by virtue thereof, PLAINTIFF is now indebted and liable for attorney fees.

116.          As a proximate result of the acts of defendant(s), and each of them, PLAINTIFF was injured in health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, among others, sustained physical injuries all of which injuries have caused PLAINTIFF to suffer extreme and sever physical pain and mental anguish. These injuries will result in some permanent disability to PLAINTIFFS, all to his general damages.

117.          As a further proximate result of the acts of defendant(s) [and each of them], as herein alleged, PLAINTIFF was required to and did employ physicians and surgeons for medical examination, treatment, and care of these injuries, and did incur medical and incidental expense.

118.          At the time of the acts of defendant herein complained of, PLAINTIFF was employable and as herein alleged, PLAINTIFF has been, and will continue to be, prevented from attending to his/their occupation.  The amount of earnings which will be lost to PLAINTIFF is unknown at this time. PLAINTIFF will ask leave to amend this complaint to set out the exact amount of such additional damages when they are ascertained.

119.          The acts of defendant(s) were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages

DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFF prays judgment as follows:

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

- 22 -

1.     A judgment declaring the procedures employed by CALIFORNIA CITY are unconstitutionally vague and discriminatory; and

2.     For general and compensatory damages, according to proof;

3.     For interest accrued to date;

4.     For costs of the suit incurred herein;

5.     For property damage;

6.     For loss of earnings, according to proof;

7.     For punitive damages and exemplary damages, according to proof;

8.     For attorney fees and costs pursuant to 42 U.S.C § 1988, California Civil Code § 52.1(h), and California Code of Civil Procedure § 1021.5;

9.     For damages to the class, pursuant to 42 USCS 1985 and attorney's fees related thereto;

10.    For such other and further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

PLAINTIFFS further request a trial by jury on all issues so triable.

Respectfully submitted.

Dated: May 4, 2018

Olaf Landsgaard, Attorney for PLAINTIFFS,
Rosenda Flores, Juan Flores, Jesus Flores,
Rosanna Flores, and Ciriaco Flores

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**