**EXHIBIT A**

06/12/2018 15:04 FAX ☒0001

```
                    *********************
                    ***  TX REPORT   ***
                    *********************


TRANSMISSION OK

TX/RX NO                1112
RECIPIENT ADDRESS       301*16612569212
DESTINATION ID
ST. TIME                06/12 15:01
TIME USE                03'14
PAGES SENT              4
RESULT                  OK
```

# Manning & Kass
# Ellrod, Ramirez, Trester LLP
### Attorneys at Law

15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
TELEPHONE: (213) 624-6900
FACSIMILE: (213) 624-6999
WEB SITE: WWW.MANNINGLLP.COM

## FACSIMILE COVER SHEET

June 12, 2018

| NAME/COMPANY | TELEPHONE | FACSIMILE |
|---|---|---|
| Olaf Arthur Landsgaard, Esq.<br>Law Offices of Olaf Landsgaard | 661-256-9271 | 661-256-9212 |

FROM:             Delia Flores for Daniel Dubin, Esq.

RE:               Rosenda Flores, et al. v. The City of California, et al.

CLIENT/MATTER NO.: 2447-58119           USER ID:   1840

PAGES:            4 (including cover page)

MESSAGE:          Please see attached letter.

# Manning & Kass
# Ellrod, Ramirez, Trester LLP
#### Attorneys at Law

15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
TELEPHONE: (213) 624-6900
FACSIMILE: (213) 624-6999
WEB SITE: WWW.MANNINGLLP.COM

## Facsimile Cover Sheet

June 12, 2018

| NAME/COMPANY | TELEPHONE | FACSIMILE |
|---|---|---|
| Olaf Arthur Landsgaard, Esq.<br>Law Offices of Olaf Landsgaard | 661-256-9271 | 661-256-9212 |

FROM:               Delia Flores for Daniel Dubin, Esq.

RE:                 Rosenda Flores, et al. v. The City of California, et al.

CLIENT/MATTER NO.:  2447-58119              USER ID:  1840

PAGES:              4 (including cover page)

MESSAGE:            Please see attached letter.

If You Do Not Receive All Pages, Please Call (213) 624-6900

### CONFIDENTIALITY NOTICE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS. THANK YOU.

STEVEN D. MANNING
DENNIS B. KASS
ANTHONY J. ELLROD
EUGENE P. RAMIREZ
FREDRIC W. TRESTER
LAWRENCE D. ESTEN
MILDRED K. O'LINN *
ALFRED M. DE LA CRUZ
ERWIN A. NEPOMUCENO
BRIAN T. MOSS *
JEFFREY M. LENKOV
MARGUERITE L. JONAK *
JOHN D. MARINO
MICHAEL L. SMITH
LOUIS W. PAPPAS
SHARI L. ROSENTHAL
EUGENE J. EGAN
CLIFFORD A. CLANCEY
RINAT B. KLIER-ERLICH
ROBERT B. ZELMS †
R. ADAM ELLISON
SCOTT WM. DAVENPORT
JASON J. MOLNAR *
DAVID V. ROTH
JENNIFER L. SUPMAN
KATHLEEN A. HUNT *
STEVEN J. RENICK
JAMES E. GIBBONS
DANIEL B. HERBERT *
MARK A. HAGOPIAN
SUZIE ZACHAR IRWIN †
DONALD R. DAY *
D. HIEP TRUONG
MICHAEL A. WEISMANTEL
JANET D. JOHN *
JOHN M. HOCHHAUSLER
ANTHONY S. VITAGLIANO†
KEVIN H. LOUTH
SHARON S. JEFFREY
KEITH RICKER †
JOHN M. COWDEN*
DAVID R. REEDER*
TOBY D. BUCHANAN

LADELL H. MUHLESTEIN
SEVAN GOBEL
RICHARD G. GARCIA
DEBORA VERDIER †
JEANETTE DIXON
KENNETH S. KAWABATA
STEVEN AMUNDSON*
RICHARD MACK †
PAUL HANNA
TONY M. SAIN
MARILYN R. VICTOR*
MARTIN HOLLY
MINAS SAMUELIAN
MATTHEW P. NOEL
LALO GARCIA
GENE W. LEE
CHRISTOPHER DATOMI
ANTHONY CANNIZZO
GARY POPHAM JR.
MAIJA OLIVIA
JONATHAN J. LABRUM *
JONATHON D. SAYRE
KAREN LIAO
ANDY J. SEMOTIUK *
JULIE M. FLEMING
ROBERT E. MURPHY *
NINA RICCI FRANCISCO
DONALD R. BECK
FRANK M. LAFLEUR
ROBERT P. WARGO*
SCOTT A. ALLES †
MAHASTI KASHEFI
LISA WONG
DONALD APPLEGATE
HEATHER M. ANTONIE
JASON J. DOSHI
ZUBIN FARINPOUR
LAURA McADAMS
GRETHCHEN COLLIN
RODRIGO J. BOZOGHLIAN
ANGELA M. POWELL
D. ROCKEY GOODELL III *
JENIFER WALLIS*

MATTHEW E. KEARL
JUSTIN SHERGILL
NARINE AVANES
ERIK BABAKHANIAN
ADAM ROEHRICK
TONYA N. MORA
EMILY EDWARDS
JESI WOLNIK
FATIMA BADREDDINE
DANIEL SULLIVAN
HILA GOLCHET
MARYAM MALEKI
MICHAEL COOPER
PAUL MITTELSTADT
NICOLE THRELKEL
A. FOSTER SHI
MAE ALBERTO
CATHERINE BARNARD
MICHAEL KVYAT
BRIAN SMITH
GREGORY LEWIS
JUDSON H. PRICE
JOHN STANLEY
JORDON FERGUSON *
PAUL HARSHAW
VICTORIA KAJO
ANDREA KORNBLAU
ARA BAGHDASSARIAN
ANTHONY WERBIN
MICHAEL WATTS
TRISHA NEWMAN
NISHAN WILDE
LYNN CARPENTER
JEFFREY FISHKIN
LYNELL D. DAVIS
DAVID R. RUIZ
NATALYA VASYUK
JESSICA ROSEN
ANDREEA CUSTUREA
NATHAN GROSCH
LINNA LOANGKOTE
KAVEH HOSSEINI
ASHLEY ROLAND

DERIK SARKESIANS
SUZANNE FRIAS
DANIEL DUBIN
KATHERINE AGBAYANI
MARK WILSON
JENNY PAK
ELIZABETH HANDELIN
CRAIG SMITH
KARLY K. WHITE
MATTHEW P. OPPEN
GARRICK P. VANDERFIN
ALEXANDRA RAMBIS
SHAWHEEN SHAFIZADEH
KELSEY NICOLAISEN
ASHTON McKINNON
FAROUK MANSOUR
KIRSTEN BROWN
ROBERT DAVIS
JOSEPH CORIATY
NATALIE ORTIZ
JAMILEH HAWATMEH
JEFFREY TSAO
ERIN N. COLLINS
JESSICA SPINOLA
ROBERT W. LAWTON
TIFFANY HENDERSON
JONATHAN HACK
DAVID BREITBURG
EMILY ELLSE
LAWTON JACKSON
TODD LEZON
RICK MARTIN
JEAN CHA
JEFFREY KORN

OF COUNSEL
ARI MARKOW

* Admitted in Multiple Jurisdictions
† Admitted to Practice Law in Arizona only
‡ Admitted to Practice Law in Alabama

# MANNING & KASS
# ELLROD, RAMIREZ, TRESTER LLP
## ATTORNEYS AT LAW



15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
TELEPHONE: (213) 624-6900
FACSIMILE: (213) 624-6999
WEB SITE: WWW.MANNINGLLP.COM

June 12, 2018

Olaf Arthur Landsgaard, Esq.
Law Office of Olaf Landsgaard
P.O. Box 2567, 4171 Knox Avenue
Rosamond, CA 93560

    Re:    Rosenda Flores, et al. v. The City of California City, et al.
          Case No.:    1:18-cv-00703-DAD-JLT
          Our File:    2447-58119

Dear Mr. Landsgaard:

    Please be advised that the Law Offices of Manning & Kass, Ellrod, Ramirez, Trester LLP represents Defendant City of California City in the above-entitled matter. We are writing to meet and confer with you prior to filing a motion to dismiss and a motion to strike portions of the Complaint. Please advise me when you are available for a teleconference. My direct phone number is 213.406.2567. We also would like to confirm that City of California City was the only served Defendant.

I.    **Plaintiffs' *Monell* Claims Against City of California City**

    Defendant intends to file a motion to dismiss the *Monell* allegations against City of California City—namely, Plaintiffs' first cause of action for violation of civil rights under U.S.C. § 1983, Plaintiffs' second cause of action for violation of the equal protection and due process clauses of the Constitution, and Plaintiffs' third cause of action for conspiracy to deprive Plaintiffs of their civil rights. *See* Compl. ¶¶ 11, 17, 30, 31, 34-36, 68, 74, 80.

    Under *Monell v. New York Dept. of Soc. Serv.*, 436 U.S. 658 (1978), local governments are "persons" subject to liability under Section 1983 only where official policy or custom causes a

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Olaf Arthur Landsgaard, Esq.
Re:   Rosenda Flores, et al. v. The City of California City, et al.
June 12, 2018
Page 2

constitutional tort. "A municipality is not liable for the random acts or isolated incidents of unconstitutional action by a non-policymaking employee." *Sepatis v. City & County of San Francisco*, 217 F.Supp. 2d 992, 1005 (N.D. Cal. 2002). Rather, a municipality can only be liable for a constitutional rights violation upon a showing (1) that a plaintiff was deprived of a constitutional right; (2) that the municipality had a policy; (3) that this policy amounted to deliberate indifference of plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation. *Id.*; *see also Plumeau v. Sch. Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Assuming that Plaintiffs were deprived of a constitutional right, which Defendant contests, Plaintiffs failed to allege that City of California City had a policy that amounted to the deliberate deprivation of that right. The Complaint merely relies on the premise that the allegedly improper arrest was initiated by Lieutenant Frank Garcia Huizar who had been convicted of reckless discharge of a gun. The Complaint fails to allege a nexus between Lieutenant Huizar's conviction and an unconstitutional City policy or that the conduct was ratified by a City policymaker. *See Monell*, 436 U.S. at 694 (emphasis added) (holding that a plaintiff may demonstrate liability by showing the city employee acted pursuant to a *city policy*); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483—84 (1986) (emphasis added) (holding that plaintiff may demonstrate liability by showing that city employee's conduct was the result of a deliberate choice made by *city policymakers*); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126—27 (1988) (emphasis added) (holding that a plaintiff may show that a policymaker delegated *policymaking authority* to a subordinate).

Indeed, the Complaint fails to state that the City of California City had a policy for subject citizens to unlawful arrests or home searches, that Lieutenant Huizar or Steven Whiting were policymakers or that a policymaker ratified Lieutenant Huizar's of Officer Whiting's conduct. Instead, the Complaint merely attempts to connect Lieutenant Huizar's conviction to Plaintiffs' arrest—two circumstances that have nothing to do with one another. Plaintiffs attempt to remedy the inadequacy of its *Monell* argument by adding that California City has policies, procedures, and/or customs of "discriminating against persons [sic] who assert their rights to quiet enjoyment of their homes—and the right to demand a search warrant before entry count made into their homes. Compl. ¶ 68. However, this addition is also stated without any factual support. Plaintiffs do not cite any other alleged "persons" harmed nor state how Defendants could discriminate against those individuals who assert rights to quiet enjoyment of their homes, which presumably is all citizens. Therefore, Plaintiffs' *Monell* claims fail.

Since *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability. *See e.g.*, *Rodriguez v. City of Modesto*, 535 Fed. App'x 643, 646 (9th Cir. 2013) (affirming district court's dismissal of *Monell* claim based only on conclusory allegations and lacking factual support); *Via v. City of Fairfield*, 833 F.Supp. 2d 1189, 1196 (E.D. Cal. 2011) (citing numerous cases where *Monell* claims without factual specificity were dismissed).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Olaf Arthur Landsgaard, Esq.
Re: Rosenda Flores, et al. v. The City of California City, et al.
June 12, 2018
Page 3

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Based on the foregoing, we will move to dismiss the first and second claims for 42 U.S.C. § 1983 for an unreasonable search and seizure against City of California City. We would prefer not to incur unnecessary fees in filing this motion and believe this matter can be resolved without the need of a motion if you are willing to voluntarily dismiss the claims discussed.

## II. Claims on Behalf of a Purported Class

Courts have held that a motion to strike class action allegations may be brought at the motion to dismiss stage. *See e.g., Allagas v. BP Solar Int'l Inc.*, C 14–00560 SI, 2014 WL 1618279, at *3 (N.D. Cal. Apr. 21, 2014) ("A defendant may move to strike class actions prior to discovery where the complaint demonstrates a class action cannot be maintained on the facts alleged therein."); *In re Apple, AT & T iPad Unlimited Data Plan Litig.*, C–10–02553 RMW, 2012 WL 2428248, at *2–3 (N.D. Cal. June 26, 2012); *Sanders v. Apple Inc.*, 672 F.Supp. 2d 978, 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.").

Plaintiffs' class allegations are wholly inadequate. Plaintiffs merely parrot the Federal Rule of Civil Procedure 23 standard. Although Plaintiff kindly pled that the class numbers "close to one hundred people," Compl. ¶ 17, Plaintifffs provided no additional information regarding the purported class. Indeed, Plaintiffs did not define the purported class nor state how these undefined persons were injured. Accordingly, Defendant is wholly left in the dark—a situation contrary to the pleading standard articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Complaint on its face therefore cannot demonstrate that a class action can be maintained. A motion to strike is thus proper.

Based on the foregoing, we will move to strike all the class allegations. Please call me upon receipt of this letter to meet and confer regarding the above points. Thank you very much for your attention to this matter.

Very truly yours,

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

Eugene Ramirez, Esq.
Daniel Dubin, Esq.