# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSENDA FLORES, et al., | Case No.: 1:18-cv-00703 DAD JLT |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO GRANT THE MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | |
| CITY OF CALIFORNIA CITY, et al., | (Doc. 11) |
| Defendants. | |

The plaintiffs claim that the defendants seized them, arrested Ciriaco Flores and searched their home in violation of the Constitution. Upon these facts they allege causes of action for trespass, "denial of equal protection and/or due process," for violation of the Fourth, Fifth, Eighth[1] and Fourteenth Amendments, wrongful arrest and false imprisonment. They claim that this conduct resulted from a policy of the City of California City and that others, similarly situated, have suffered the same unlawful conduct. Thus, they seek to state a class action. Because the plaintiffs have failed to allege facts to support their claims, the motion to dismiss should be **GRANTED** and the complaint **DISMISSED with leave to amend**.

///

---

[1] The Court notes that the Eighth Amendment protects only those who have been convicted of a crime from cruel and unusual punishment. Conversely, detainees may not be punished at all. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Exactly how the Eighth Amendment is implicated here, is unclear.

1

# I. Background

On July 18, 2017, officers received a report that Ciriaco Flores "racked" a shotgun in response to a juvenile near his home.[2] (Doc. 8 at 2, 10 11) The officers arrived at the home about 20 minutes after Flores "racked" the shotgun. *Id*. at 11. Officer Whiting attempted to convince the residents to exit the home but, when they did not, he drew his weapon and demanded they comply. *Id*. at 6. As Ciriaco Flores exited the home[3], officers arrested him and placed him in handcuffs. *Id*. The officers also placed Rosenda and Jesus Flores in handcuffs and, while they remained restrained, took statements from them. *Id*. at 5. During this time, officers searched the home where they found a "broken .22 rifle." *Id*. at 12.

Afterward, Acting Chief of Police Frank Huizar assigned an inexperienced officer, Alwaw, to write the report. (Doc. 8 at 12) The officer wrote that there were only two more occupants in the home though there were four and failed to include that Rosenda and Jesus Flores were handcuffed while they gave their statements. *Id*. Two of the other officers, Whiting and Guillen, did not write reports. Huizar approved Alwaw's report. *Id*. at 5. The charges were later dismissed. *Id*. at 12.

# II. Legal Standards

A Rule 12(f) motion should be granted whenever the pleading presents "redundant, immaterial, impertinent, or scandalous matter." On the other hand, a Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

In deciding a motion to dismiss, the court accepts as true factual allegations of a complaint, it disregards legal conclusions. *Iqbal* at 679-680. "[T]o be entitled to the presumption of truth, allegations in a complaint ... may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself

---

[2] The Court has attempted to piece together the factual allegations and inferences drawn from them, related to the events on July 18, 2017. Because these allegations are peppered throughout the complaint and because the plaintiffs failed to recite a linear and coherent account of the event, the Court may be incorrect in its recitation here.

[3] The complaint alleges in one place that Ciriaco Flores went outside in compliance with the officers' orders (Doc. 8 at 2) and later that he was "pulled out of his home" (*Id*. at 13).

effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Iqbal*, at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hospital Association*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting the plausibility standard. *Iqbal*, at 678; *Moss*, at 969.

Dismissal of the complaint is appropriate where the complaint fails to state a claim supportable by a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). However, leave to amend should not be granted if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.2005).

**III.      Motion to Strike**

Repeatedly in the complaint, the plaintiffs refer to Frank Garcia Huizar in an inflammatory manner without providing factual support for the references. For example, the plaintiffs call Huizar a "convicted gun handler" and iterate and reiterate Huizar's conviction in 2003 and his subsequent firing without any showing as to how these events bear on the issues at hand. (Doc. 8 at 3, 5, 21)

They also call Huizar "corrupt[4]" at the time of his hiring by the City of California City though there are no facts to support this assertion. (Doc. 8 at 8) Huizar's 2003 conviction, at least as described, bears no relation to corrupt activity whatsoever. Plaintiffs allege that *after* being hired, Huizar accused the Chief of Police of a crime so that he could become the Acting Chief of Police. *Id.* Though this *could* support a claim that Huizar is corrupt, there are no facts alleged that Huizar knew that the former Chief had not committed a crime or, in fact, that the former Chief did not commit the crime.

Plaintiffs also quote an article which, apparently, addressed Huizar's conviction and they imply that Huizar molested a child[5, 6]. (Doc. 8 at 13.) Once again, how these facts bear on the case at hand is not demonstrated and it appears they are included only for harassment purposes.[7] After the hearing, the plaintiffs moved the Court to strike the last sentence of paragraph 51 (which is the assertion that that the defendant molested a child) (Doc. 18). Thus, the Court recommends that the matter related to Huizar's prior conviction, his prior firing and other inflammatory material, e.g., referring to him as "corrupt," implying he is a child molester, and that he unlawfully engineered the removal of the prior Chief of Police, be **STRICKEN**.

## IV.   *Monell* Liability

An entity may be held liable under 42 U.S.C. § 1983 only where an official policy or a custom cause the alleged violation of the constitutional right. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). A "policy" is a "deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir.2008). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the

---

[4] Websters Dictionary indicates that to be "corrupt," a person must have a demonstrated willingness to act dishonestly in exchange for money or services. https://www.merriam-webster.com/dictionary/corrupt last accessed Sept. 13, 2018.
[5] It is unclear whether the plaintiffs are asserting that this allegation was made in the article or if they are simply making this claim.
[6] At the hearing, plaintiffs' counsel argued this information would bear on Huizar's credibility. Exactly how this information would be admissible was not explained but, even still, why it should be included in the complaint is even less clear.
[7] This conduct continues in the plaintiffs' opposition to the motion. (*See e.g.*, Doc 12 at 1)

force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir.1990).

The complaint asserts the entity maintains a policy of "hiring corrupt officers" (Doc. 8 at 8) and a custom or policy of "forceable [sic] entry into occupied homes after 10:00 p.m., inadequate training, and deliberately poor report writing" (*Id.* at 4), of "forced entry into homes of Hispanics and Blacks without a warrant" (*Id.* at 8, 9) and of "discriminating against persons men who assert their rights to quiet enjoyment of their homes-and the right to demand a search warrant before entry could be made into their homes" (*Id.* at 23)

The plaintiffs allege that they are of Hispanic descent and that their home was searched without a warrant and Ciriaco Flores was arrested without probable cause. (Doc. 8 at 2-3) They allege also that the report written related to this incident incorrectly noted that there were two, rather than four, occupants of the home and that two of the plaintiffs were asked to give statements while they remained in handcuffs. *Id.* at 5.

The complaint also alleges that two years before this incident, a black woman was beaten in her home by officers of the California City Police Department. (Doc. 8 at 8) She refused to grant them permission to enter the home, but they forced their way in despite that they did not have a warrant. *Id.* During the incident, the officers threatened to shoot the woman's 14-year-old daughter when the girl called for them to stop attacking her mother. *Id.* Notably, however, the complaint indicates that the unlawful policy was not instituted until 2017. Thus, it does not appear that this incident was caused by any official policy.

The allegations against the entity are insufficient. First, it is not clear whether the plaintiffs contend there are official policies that caused their damages or if they contend there were widespread customs at issue. If it is the former, they need to identify the official policy. If it is the latter, they need to allege facts, rather than mere conclusions, to support that the practice is widespread.

Second, there are insufficient facts to support that the "policy" related to poor report writing caused the constitutional violations at issue. Indeed, the report was written after the officers entered the home so it could not have caused the unlawful entry. Also, the information that was omitted from

the report appears to be immaterial to the claims made here.[8]

Finally, there are no facts to support the claim of a policy of hiring "corrupt" police officers. Thus, the Court recommends that the motion to dismiss the complaint as to the *Monell* claim be **GRANTED** with leave to amend.

## V. Class Claims

After the hearing, the plaintiffs moved to dismiss the class allegations. Thus, the Court recommends that the Court grant the motion (Doc. 18) and the class claims be **DISMISSED**.

## FINDINGS AND RECOMMENDATION

Because the complaint fails to allege sufficient factual support for the *Monell* and class claims and because it asserts material that is included only for harassment purposes, the Court **RECOMMENDS**:

1. The motion to dismiss the complaint be **GRANTED with leave to amend**;

2. The material as to defendant Huizar's previous arrest and conviction and claims that he is a child molester, should be **STRICKEN**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 14 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within 7 days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///
///
///
///

---

[8] The attorney argued that the omitted information was *Brady* material. However, there is no showing how this is the case. The omitted information was known the Mr. Flores and was not exculpatory.

///
///
///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: __**September 25, 2018**__             __**/s/ Jennifer L. Thurston**__
                                                                UNITED STATES MAGISTRATE JUDGE