UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSENDA FLORES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CALIFORNIA CITY, et al.,<br><br>Defendants. | No. 1:18-cv-00703-DAD-JLT<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION TO DISMISS, AND GRANTING PLAINTIFFS' REQUEST FOR DISMISSAL OF CLASS CLAIMS</u><br><br>(Doc. Nos. 11, 18, 19) |

Plaintiffs in this action allege that the defendants seized them, arrested plaintiff Ciriaco Flores, and searched plaintiffs' home in violation of their constitutional rights. On August 13, 2018, defendants filed a motion to dismiss and/or strike portions of plaintiffs' first amended complaint. (Doc. No. 11.) The undersigned referred the motion to the magistrate judge on September 6, 2018. (Doc. No. 14.) Following the hearing on the pending motion, plaintiffs filed a request for dismissal of their class claims on September 21, 2018. (Doc. No. 18.)

On September 25, 2018, the magistrate judge issued findings and recommendations recommending that both parties' motions be granted. (Doc. No. 19.) Specifically, the magistrate judge found the plaintiffs failed to allege sufficient facts to support their *Monell* claims brought under 42 U.S.C. § 1983, and therefore recommended that plaintiffs' claims against the defendant City of California City ("City") be dismissed. (*Id.* at 6.) The magistrate judge also recommended

1

that plaintiffs' request for dismissal of their class claims be granted. (*Id.* at 6.) In addition, the magistrate judge determined that plaintiffs had included material in their complaint "only for harassment purposes" and recommended the striking of allegations related to "defendant's Huizar's previous arrest and conviction and claims that he is a child molester." (*Id.* at 7.)

The parties were given fourteen days to file any objections to the findings and recommendations. (*Id.*) On October 4, 2018, plaintiffs timely filed objections. (Doc. No. 21.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

**A.     Dismissal of Class Claims**

Defendants moved to strike plaintiffs' class allegations in the complaint, arguing that such allegations were improper. (*See* Doc. No. 11 at 9–10.) After the hearing on the motion, plaintiffs filed a "request for dismissal of class action portion of first amended complaint." (Doc. No. 18.) In addition, plaintiffs indicated they would "strike paragraphs 7, 9, and the last sentence of paragraph 51" related to the class claims. (*Id.*) No objections were made to plaintiffs' requests. Thus, the recommendation of the magistrate judge is adopted, and the plaintiffs' class claims will be dismissed.

**B.     *Monell* Liability**

The magistrate judge also recommended that plaintiffs' claims brought pursuant to *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658 (1978), be dismissed with leave to amend on the grounds that plaintiffs had failed to provide any factual allegations supporting their conclusion that the City maintains unconstitutional policies and procedures. (Doc. No. 19 at 4–6.)

Plaintiffs assert that the City maintains a policy of "hiring corrupt officers" (Doc. No. 8 at 8), as well as: customs or policies of "forceable [sic] entry into occupied homes after 10:00 p.m., inadequate training, and deliberately poor report writing" (*id* at 4); "forced entry into homes of Hispanics and Blacks without a warrant" (*id.* at 8, 9); and "discriminating against persons men who assert their rights to quiet enjoyment of their homes-and the right to demand a search warrant

before entry could be made into their homes" (*id.* at 23). In support of these assertions, plaintiffs report they are of Hispanic descent, their home was searched without a warrant, and plaintiff Ciriaco Flores was arrested without probable cause. (*See id.* at 2–3.) The plaintiffs also note that two years before the underlying incident, a black woman was beaten in her home by officers of the California City Police Department, who forced their way into her home without a warrant. (*Id.* at 8.)

As the magistrate judge properly concluded, the facts as alleged by plaintiffs in their complaint provide an insufficient basis for a finding that there was either an official policy that caused constitutional violations or that plaintiffs' claims are based upon widespread customs. As the magistrate judge observed, if plaintiffs believe there was an unlawful policy, it must be specifically identified. If the plaintiffs believe the City has unlawful customs, "they need to allege facts, rather than mere conclusions, to support that the practice is widespread." (Doc. No. 19 at 5.) Moreover, the Ninth Circuit has stated that "one or two incidents are insufficient to establish a custom or policy." *Oyenik v. Corizon Health, Inc.*, 696 Fed. App'x 792, 794 (9th Cir. 2017)[1]; *see also Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out that policy.").

Given the lack of factual allegations to support a conclusion that the City maintains an unconstitutional policy or practice, the court adopts the recommendations of the magistrate judge, and dismisses plaintiffs' *Monell* claims against the City with leave to amend.

**C.     Motion to Strike**

Finally, the magistrate judge found that "the plaintiffs refer to Frank Garcia Huizar in an inflammatory manner without providing factual support for the references." (*See* Doc. No. 19 at 3.) Throughout their complaint, the plaintiffs assert that Huizar was "corrupt," a "convicted gun handler," and was fired from his position, without either providing factual allegations supporting

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

these assertions or explaining how the alleged conviction or filing are relevant to the matter now before the court. Thus, these allegations are impertinent and immaterial to the action.

In plaintiffs' objections to the findings and recommendations, plaintiffs indicate that the allegations related to Huizar impregnating a minor are "withdrawn." (Doc. No. 21 at 5.) However, plaintiffs object to the striking of "material as to Defendant Frank Garcia Huizar's previous arrest and conviction." (*Id.* at 2.) According to plaintiffs, "[t]he felony arrest and misdemeanor conviction is just the beginning" and "is a necessary part of a story of continued corruption." (*Id.*) Plaintiffs contend that defendant Huizar had a method of policing that involved "[p]reparing, coaching, and encouraging subordinate Police Officers to file false or misleading reports . . . [that] became policy" in California City. (*Id.* at 7.)

Despite these objections, plaintiffs have still failed to explain how these alleged facts are relevant to the claimed violations of their constitutional rights. Consequently, the court will adopt the findings and recommendations in this respect as well. The allegations related to defendant Huizar's prior conviction, his prior firing and other inflammatory material—including reference to the defendant as corrupt, as having impregnated a minor, and having unlawfully engineered the removal of the prior Chief of Police—will be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Accordingly,

1. The findings and recommendations issued September 25, 2018 (Doc. No. 19) are adopted;
2. Plaintiffs' request to dismiss the class claims (Doc. No. 18) is granted;
3. Defendant City of California City's motion to dismiss (Doc. No. 11) is granted;
4. The allegations regarding defendant Huizar's previous arrest and conviction, and other inflammatory material, are stricken; and

/////
/////
/////
/////

4

5. Plaintiffs shall file an amended complaint within fourteen (14) days of the date of service of this order.

IT IS SO ORDERED.

Dated: **December 30, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE