Eugene P. Ramirez (State Bar No. 134865)
  epr@manningllp.com
G. Craig Smith (State Bar No. 265676)
  gcs@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St., 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants CITY OF CALIFORNIA CITY; FRANK GARCIA HUIZAR; STEVEN GEOFFREY WHITING

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROSENDA FLORES, JUAN FLORES, JESUS FLORES, ROSANNA FLORES, AND CIRIACO FLORES,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CALIFORNIA CITY; FRANK GARCIA HUIZAR; STEVEN WHITING, and DOES 1-100, Inclusive,<br><br>Defendants. | Case No. 1:18-CV-00703 DAD-JLT<br>[District Judge, Dale A. Drozd; Magistrate Judge Jennifer L. Thurston]<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE PORTIONS OF SECOND AMENDED COMPLAINT**<br><br>[FRCP 12(b)(6) and 12(f)]<br><br>Date:  April 2, 2019<br>Time: 9:30 a.m.<br>Ctrm: Fresno, Courtroom 5 (DAD) before District Judge Dale A. Drozd.(Thorp, J) |

Defendants CITY OF CALIFORNIA CITY, FRANK GARCIA HUIZAR, and STEVEN GEOFFREY WHITING submit the following Reply To Plaintiffs' Opposition To Defendants' Motion To Dismiss and Strike Portions of Second Amended Complaint.

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. PLAINTIFFS FAIL TO STATE A *MONELL* CLAIM AGAINST THE CITY.

Defendants frankly cannot comprehend Plaintiffs' rambling arguments about their *Monell* claim. To briefly summarize Defendants' argument that Plaintiffs have not stated a *Monell* claim against the City:

(1) The allegation that the City established a policy against homeowners keeping and bearing arms within their homes (SAC, ¶7) is too vague and broad to show it was the "moving force" which caused the alleged constitutional violation;

(2) A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989);

(3) A *Monell* claim cannot be based on plaintiffs' allegation that the City had a policy of "zero tolerance of any person not employed by the City of California City to have a shotgun, rifle or handgun in their home, forcible entry into occupied homes after 10:00 p.m., inadequate training, and deliberately poor report writing." (SAC, ¶12.) This allegation relates only to the facts of the subject incident. The courts have held that, without more, pleading the existence of policies and procedures based on what allegedly occurred during the subject incident is insufficient. *See Dominguez v. Cnty. of Kern*, 2014 U.S. Dist. LEXIS 80335, at *20 (E.D. Cal. Jun. 9, 2014);

(4) Plaintiffs' allegations of two prior incidents of excessive force in 2006 and 2007 (SAC, ¶30) are insufficient to state a *Monell* claim. The Ninth Circuit has stated that "one or two incidents are insufficient to establish a custom or policy." *Oyenik v. Corizon Health, Inc.*, 696 Fed. App'x 792, 794 (9th Cir. 2017); *see also Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out that policy.");

(5) The allegation that the City has "maintained policies, procedures, practices, and/or customs of discriminating against persons men who assert their rights to quiet enjoyment of their homes — and the right to demand a search warrant before entry could be made into their homes" (SAC, ¶121) also is based on what allegedly occurred during the subject incident and is too conclusory and narrowed to the subject incident to demonstrate that these alleged practices are of such sufficient duration, frequency and consistency to be considered widespread. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiffs have not addressed each of the above arguments in a cogent manner.

Plaintiffs' citing of *Navarro v. Block*, 72 F.3d 712 (9th Cir. 1995) as proof of their *Monell* claim is unavailing as *Navarro* concerned a motion for summary judgment. The instant motion is a pleading motion which tests the sufficiency of the allegations.

Plaintiffs' reliance on and citing to *Lozman v. City of Riviera Beach* (2018) 138 S. Ct. 1945 (2018) is unavailing as *Lozman* did not analyze or address the question before this Court. The only question before the Court, and resolved in *Lozman*, was whether the existence of probable cause for the arrest of Lozman bared Lozman's first amendment retaliation claim against the City. *Id*. at 1951. The Court concluded that it did not. *Id*. at 1955.

Whether factual allegations were sufficient to state a *Monell* claim and survive a FRCP 12(b)(6) motion to dismiss was not an issue before the Court in Lozman. Rather, "The Court assume[d]….that the arrest was taken pursuant to an official city policy, but whether there was such a policy and what its content may have been are issues not decided here." *Id*. at 1951. The issue as to whether Lozman would be entitled to a new jury trial, whether a reasonably jury could have concluded that the City actually formed a retaliatory policy to intimidate and whether the arrest was an official act by the City was preserved for the appellate court and left undecided. *Id*. at 1955. Simply put, the issue of whether *Lozman* sufficiently alleged or proved a *Monell* violation was not

before the Court and not decided by the Court in *Lozman*.

If the Court were to entertain Plaintiff's argument that *Lozman* should be looked to in deciding this motion, which it should not, a brief review of the facts in *Lozman* reveals a clear factual distinction exists.  In *Lozman*, there were allegations of the existence of an official policy of the City that was the moving force behind a constitutional violation. In *Lozman*,  there was a  transcript from a closed door session in which "Councilmember Elizabeth Wade suggested that the City use its resources to 'intimidate' Lozman and others who had filed lawsuits against the City." *Id*. at 1949.  When Lozman spoke at the podium at an open-meeting to discuss the arrest of a former County official, councilmember Wade interrupted Lozman, directed him to stop making the remarks and when Lozman refused, an officer asked him to leave and was instructed by Wade to carry him out.  *Id*.   Again, whether this was sufficient to constitute an official act pursuant to official policy was not decided by the Court. However, the facts set forth in *Lozman* contain a detailed factual allegation of the formation of official policy by council members at a closed session meeting and an order by an official city council member to arrest *Lozman*, pursuant to the alleged policy.

In this case the factual allegations are conclusory and based upon a custom allegation, with the subject incident as its only support.  This is insufficient.  There are no factual allegations that orders or directions were given by council members to the individual defendants to arrest Plaintiff, pursuant to an official policy.  Frankly, *Lozman* does not apply and is distinguishable in any event.

Based on all of the above, Plaintiffs have failed to state a viable *Monell* claim.

## 2. **PLAINTIFFS' ALLEGATIONS ARE IMPERMISSIBLY BROAD AND LACK SPECIFICITY.**

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or

ambiguous that the party cannot reasonably prepare a response." *Driscoll v. Gastelo*, 2018 U.S. Dist. LEXIS 218927, at *6 (C.D. Cal. Oct. 30, 2018).

Here, ambiguities arise because:

(1)   The second cause of action for denial of equal protection and due process fails to identify the defendants against whom it is alleged; and it is unclear how this cause of action differs from the fourth cause of action for equal protection and due process against all individual defendants. While plaintiffs have clarified that the defendants are the City of California, Frank Huizar and Geoffrey Whiting, plaintiffs have not clarified how this cause of action differs from the fourth cause of action for equal protection and due process against all individual defendants.

(2)   The third cause of action for violation of the 2nd, 4th, 5th, 8th and 14th Amendments fails to identify the defendants against whom it is alleged, and fails to clarify the basis for each of the alleged constitutional violations. While plaintiffs have clarified that the defendants are the City of California, Frank Huizar and Geoffrey Whiting, plaintiffs have not clarified the bases for each alleged constitutional violation. While plaintiffs argue that the basis for the 8th Amendment is an alleged violation of the Eighth Amendment's prohibition on excessive bail, the claim fails because plaintiffs have not alleged facts relating to excessive bail. Plaintiffs cite to *Timbs v. Indiana*, 2019 U.S. LEXIS 1350, 2019 WL 691578, No. 17-1091 (Feb. 20, 2019), as new authority in support of their Eighth Amendment argument. In *Timbs*, a LandRover SUV had been used to transport heroin but had been purchased using money received from an insurance policy when the defendant's father died, not drug proceeds. The purchase price was more than four times the maximum fine for the crime of conviction. The state trial court found the forfeiture of the SUV grossly disproportionate, but the state supreme court reversed, concluding that the Eighth Amendment did not apply to the state forfeiture proceeding. The United States Supreme Court reversed and remanded, concluding that the Eighth Amendment does apply to the states. *Id*. at *21. There are no similar facts in this case.  To the extent plaintiffs are attempting to allege a claim for

violation of the Eighth Amendment's prohibition on excessive bail, the claim fails because plaintiffs have not alleged facts showing that any of the defendant caused his bail to be increased. Defense counsel did a word search of the Second Amended Complaint and the word "bail" does not appear anywhere. "To hold law enforcement officers liable for excessive bail, in addition to establishing that bail was excessive, plaintiff must also demonstrate that the officer was the proximate cause of his bail enhancement. *See Galen v. County of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007). To do this, plaintiffs must show that the officers prevented the judge who set bail from exercising her/his independent judgment. *Ibid*. Thus, plaintiffs would have to allege facts, which if true, show that the defendants "deliberately or recklessly misled the [judge setting bail], and that his bail would not have been unconstitutionally excessive but for the officers' misrepresentations." *Id*. at 664. Plaintiffs do not make any such allegations to support their 8th Amendment claim for excessive bail.

(3)   Throughout the complaint, plaintiffs also claim that each defendant violated his Fifth Amendment right to due process. As argued by defendants, plaintiffs cannot allege a Fifth Amendment due process claim against defendants, as they are local police officers. *See Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). Plaintiffs have not addressed this argument in their Opposition.

(3)   Defendants also ask that plaintiffs clarify the difference between the fifth cause of action for wrongful arrest and the sixth cause of action for false imprisonment as they constitute the same tort.

## 3. THE INFLAMMATORY ALLEGATION ABOUT DEFENDANT FRANK HUIZAR SHOULD BE STRICKEN.

Defendants moved to strike paragraph 111 which reads: "Defendant Frank Garcia Huizar had been convicted of reckless discharge of a gun for firing his service revolver out of a car at a building, while drunk and off duty." This allegation should be stricken as inflammatory and irrelevant material. Plaintiffs have not responded to this argument

G:\docsdata\EPR\Flores, Rosenda.Ciriaco v. Cal. City 2447-58119\Pleadings\Reply to MTD.SAC.Final.docx

in their Opposition.

## 4. CONCLUSION.

Based on the foregoing, Defendants respectfully submit that the relief sought in the within motion be granted.

DATED: March 26, 2019

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Eugene P. Ramirez
Eugene P. Ramirez
G. Craig Smith
Attorneys for Defendants CITY OF CALIFORNIA CITY;
FRANK GARCIA HUIZAR; STEVEN GEOFFREY WHITING

G:\docsdata\EPR\Flores, Rosenda.Ciriaco v. Cal. City 2447-58119\Pleadings\Reply to MTD.SAC.Final.docx